United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning everyone. We're here today on the first case on the calendar on March 26, 2021. We're here for David Paresky and Linda Paresky versus the United States of America. We have counsel Dana Main and Nora Bringer. Are you both ready to proceed? Yes, Your Honor. Perfect. Ms. Main, would you like to save five minutes for rebuttal? Yes, Your Honor, I would. All right. Ms. Main, are you ready to proceed? You may begin. Thank you. Thank you. May it please the court, my name is Dana Main and I am representing the taxpayers in this case, Mr. and Mrs. Paresky. These two individuals are taxpayers who have tried to do the right thing. They have been trying to pay off their taxes and as part of, they got caught up in the Ponzi scheme with the made-offs and they were allowed then to go back and to refile their tax returns. So as part of that, there was a calculation after several years that there was going to be an overpayment through the administrative process. Yes, Your Honor. I think, Ms. Main, I think we've all read the record. I think we understand. And so let me just clarify, your clients did receive the overpayment principle, correct? Yes, Your Honor, through the administrative process. So what we're here on is really the interest that accrued on the overpayment. Yes, Your Honor, we are. And we're here on the jurisdictional question of whether 28 U.S.C. 1346 provides jurisdiction over the tangential interest on the overpayments. And getting to Section 1346, it says that the district court shall have original jurisdiction concurrent with the United States Claims Court of, one, any civil action against the United States for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws. We understand the statute. So obviously, it's not a tax that's been erroneously or illegally assessed or collected, because it's not a tax. We're talking about interest. Yes, correct. And it's not it's not a penalty. Because it's obviously a penalty could include a interest, but this is not a penalty. So tell me how this falls under a sum alleged to have been excessive, because really, that's the only thing it could possibly be because it couldn't be in any manner wrongfully collected. Yes, Your Honor, in terms of the statutory construction, you're correct that it is our position that it's any sum that is it's a catch all. Well, let me but let it is it a catch all because if it would be any sum, but the problem is that any sum is a noun that then has this modification to it, which is excessive. So it's a sum that's excessive. So I would agree with you. And I don't know, I speak for myself, I don't speak for the panel, I would agree with you, that if we were talking here about the corpus, the principle, that was actually overpaid, then we would have jurisdiction. But here, we're talking about the interest. And I'm having a hard time seeing how that would be excessive, because interest is never going to be excessive. And it does, it's not something you recover, because it's not something you paid. Your Honor, the definition of excessive that we have cited to in our brief is something tending to go beyond the reasonable limit or measure. That's the blacks definition. And then Webster's is exceeding the usual proper or normal. Well, the interest statute in this case, says that if the government gives you money back within 45 days of asking for it, then you do not get interest. But if it is given to you after that, then you are permitted to get interest. And Your Honor, then by definition, that that statute sets out what would be excessive. If it's returned to you after it's in its excesses, it's something and the government has had control over your money. And you have not been able to use your money. And so it is any day that goes beyond that 45 days in this case would be considered excessive because it goes beyond what the statute said is reasonable. So Your Honor to return it. Yes. Yes, Judge Marcus. My question is essentially this one. When I look at this language, any sum alleged to have an excessive in any manner wrongfully collected, it's all in the present perfect tense. It speaks to an act or condition that is now completed. Or continues up to the present. How does this formulation apply to overpayment interest, which is actively approved by the government? Your Honor, it is it is a continuing anything that's after the 45 days is then owed to the taxpayer. So it is a it's a sum that is owed to the taxpayer after that 45 days. And so it was owed to the taxpayer before and it continues to be. I guess maybe I didn't make my question clear enough for me. The problem is actually that it speaks to any sum alleged to have been excessive or in any manner wrongfully collected. This is present perfect. Um, if the notes and actor conditions completed, or continues to the present, does this apply to an overpayment interest, which is actively approved by the government? This is the argument that one of the circuits made that it was in this present perfect tense, textually suggests that it doesn't apply to overpayment of interest. Um, maybe I'm missing something here. And in your honor, it is a it is continuing and your honor that is in the Garner's definition of the perfect the present perfect text, it is continuing because it was owed before to have been excessive. It is it was excessive after those 45 days, and it continues to be excessive government returned that there is in how is that excessive because the definition of excessive is exceeding what is usual proper or normal or surpassing. And that is not it's something that's accruing, but it's not excessive. Your Honor, by definition, the the the tax code says that anything after 45 days is owed to you, if that can be read as saying that's excessive when you keep my money, one day more than that 45 days, then it is excessive. I don't get to I don't get to use my money. I don't get to put it to work. I don't get the time value of money. So every day that goes by, the amount of money that I that I got get back goes down. And so the amount of money that is kept from me goes down. So that How do you how do you deal with the fact that it's also you have to be recovery of some alleged to a restoration of something lost or taken away. I mean, an interest is not money that was given to the government. That's money that started accruing when the money was paid the corpus and the principle. And the term recovery has to be defined and understood within the context of that statute. That 1346 is a litigation statute, it talks about going to court, blacks law dictionary, defines recovery as obtaining of a right to something by judgment or decree. So you that is exactly what the taxpayer wants to do. In this case, the taxpayers want to go to court, their option is to go to court to obtain this money this to obtain the interest of the right to something and judgment or decree. So within the context of this statute, which were required to look at the statute and the meaning of the statute in the in the context. That is how recovery should be understood. So in in that regard, any sum that's alleged to be excessive would apply to this, these taxpayers being able to recover the money that is due to them. And there is also this issue about Nassiter Associates, and we maintain that that because we don't have a string of cases, a string of terms that that would not apply in this case. And I will reserve my five minutes. Thank you. Thank you, Ms. Bain. Ms. Bringer, you may begin. Thank you. Good morning, and may it please the court. My name is Nora Bringer, and I represent the United States in this appeal. The sole issue on appeal is whether this provision that we've been discussing section 1346. A one grants the district court jurisdiction over the Peresky's overpayment interest claims. Ms. Bringer, why why shouldn't we interpret the any sum clause in the statute to to mean what your opposing counsel suggests? Why is it not referred to any amounts assessed or retained by the government? We are looking to the plain text of section 1346. A one, which is where this inquiry should begin and end. It does not encompass overpayment interest claims. The court must consider, of course, the entire phrase. So is this a civil action against the United States for the recovery of any sum alleged to have been excessive? Of course, it was not wrongfully collected, so that part of the statute doesn't apply. Now, this is, to be sure, a civil action against the United States, but it is not for the recovery of a sum alleged to have been excessive. Instead, it's seeking recovery of a sum alleged to have been insufficient. The you would you would agree, though, that if this claim included the original corpus, the overpayment of the tax that was paid, that we would have jurisdiction. Yes, your honor. I mean, if this case was about the original corpus of the tax that was paid, that would be a tax. So that would fall under the first category of section 1346. A one. And Congress would have been would have been erroneously or illegally assessed or collected. Well, it would if they paid too much tax, then it would have been erroneously collected too much taxes and erroneously collected tax. In addition, Section 2411 of 28 USC grants any court jurisdiction to award overpayment interest on the overpayment claim that's at issue in case. So if this was a case where they were seeking a tax refund, they were seeking the original corpus, which was already refunded to them, then the court could award both the tax refund as well as any overpayment interest on on that refund. It's a specific carve out in Section 2411 from the general rule that these kinds of claims should be brought under the Tucker Act, generally in the Court of Federal Claims, but where they're relatively small claims up to $10,000 in the district court. And of course, this is, you know, the analysis of the Second Circuit and the Federal Circuit and Pfizer and Bank of America that the plain text of the statute does not encompass overpayment interest claims. The Pfizer court commented that to find that it strains the text of the statute beyond what it could bear. And in our view, that analysis is the right analysis. But even if there's any doubt about the meaning of that text and whether it might encompass overpayment interest claims, this is a waiver of sovereign immunity and must be construed narrowly in favor of immunity. Numerous courts have described Section 1346A1 as a waiver of sovereign immunity from suit. The Peresky's indeed acknowledge this in their opening brief at page 40, where they say Section 1346A1 waives the United States sovereign immunity from suit. And the court in Supreme Court in Williams described the provision that way, as well as this court, for example, on the Christian Coalition case in 2011, wrote that this provision is among the statutes that prescribe the terms of the United States consent to be sued regarding federal tax matters and must be strictly construed. May I just ask you sort of a housekeeping matter. So normally, when you return, when the government returns an overpayment, does it include the interest? Well, if the IRS determines that interest is owed, Your Honor, yes, it would include the interest. But here, the government's position is that overpayment interest is not owed. No court has reached the merits. Of course, the parties haven't gotten to that point. But in this case, the government's position is that the overpayment interest is not owed in this case. Let's go to the argument counsel made in the Sixth Circuit, where they look at it a little bit differently. And they say that the excessive sum phrase encompasses suit seeking recovery of statutory interest on overpayments. And they reason this way. They say, and I'm quoting now, if the government does not compensate the taxpayer for the time value of the tax overpayment, the government has retained more money than that which is due. That is an excessive sum. And it concluded the government had waived its sovereign immunity with respect to suits for interest on overpayment. That's brought in the federal district court. What's wrong with their construction of an excessive sum? So the principal error in that part of the analysis in Scripps, Your Honor, is that the court ignored the text that Congress enacted in 1346A1. When the Sixth Circuit based its analysis on whether the government has retained more money than it is due, i.e. an excessive sum, it was looking at texts that Congress simply didn't enact in 1346A1, as the other courts who have addressed this issue concluded with respect to Scripps. There are some other issues with the Sixth Circuit's analysis in Scripps. The Sixth Circuit focused on the fact that surely Congress would want claimants to have a way to get overpayment interest under Section 6611 if the government does not award it to them. And Congress has provided a way through the general rule under the Tucker Act that people with monetary claims can sue the United States under the Tucker Act. Scripps also misread FLORA, which is described at length in the court adopted. That was a case about underpayment interest. And the Supreme Court in FLORA, when it said interest is an example of any sum, went on to describe old tax statutes where you could add to the amount owed by the taxpayer interest as a sum to be added to the tax. So clearly in FLORA, the court was talking about underpayment interest, interest on money the any should we attach to the phrase any sum. We have said repeatedly that when a statute contains the use of the word any, it means every, it means all. So we're talking about all sums. Is that of any moment here? Or it's happened by what follows? No, it's not of any moment here. If the statute said for the recovery of any sum under the eternal revenue laws, that would be a very different statute. The statute does not say that. It says any sum alleged to have been excessive. And so any sum is cabined by that. Let me ask you the last question. Your colleague made reference to the Nasseta doctrine, that is that a word is known by the company it keeps. The Second Circuit used that doctrine of Nasseta to suggest that the last clause is informed by the first two in the statute. How does that apply as you see it in this context? Your Honor, we don't think it's necessary for the court to employ the Nasseta Sochi's doctrine. We think that the plain text of 1346A1 does not include overpayment interest claims. And in particular, when you apply the rules of interpreting a waiver of sovereign immunity, that is that it must be narrowly interpreted in favor of sovereign immunity. We don't think there's a need to get to the Nasseta doctrine. But interestingly, both Pfizer and Bank of America based their plain text conclusion on the entire phrase, any sum alleged to have been excessive, which is the proper analysis. It's not appropriate to say, well, this is a sum, and maybe they're seeking a recovery, and this is under the internal revenue laws. The court really needs to look at the entire relevant phrase in the statute at a very minimum. And when the courts, both the Second Circuit and the Federal Circuit looked at that entire phrase, they were using a plain text analysis and said, this simply can't include overpayment interest claims. Does the doctrine cut in your favor, then? Is that what you're saying? Well, Your Honor, I think that one need not apply the doctrine, this interpretive doctrine. I'm asking the question, if one does, in fact, apply the Nasseta doctrine, which the Second Circuit does, what does the company this phrase keeps yield? Well, Your Honor, if the court were to look at this doctrine, the other items in 1346A1 are clearly things that taxpayers have paid to the government and seek to get back. They've paid too much tax and seek to get it back. They paid a penalty they shouldn't have had to pay and seek to get it back. And so if the doctrine is applied as the Second Circuit and the Federal Circuit opined, it does lend support to the plain text argument. But again, our view is that there's not to reach that doctrine. I'd like to say a couple of things about the sovereign immunity. So the Pereskis argue in their reply brief for the first time that Section 6611 waives sovereign immunity for overpayment interest. That's the first time that they've raised this idea that one need not look at 1346A1 as a waiver of sovereign immunity because Section 6611 takes care of that. In their opening brief, as I mentioned at page 40, they acknowledge that 1346A1 is a waiver of sovereign immunity. And it shouldn't be heard to change that in their reply brief on appeal. But in any event, there are two parts to a waiver of sovereign immunity. First, the government must subject itself to the substantive liability. That's the work that Section 6611 does. But the government also must consent to be called to account in court for that substantive liability. And 6611 is simply silent on that point. That is why, you know, even if interest is owed under Section 6611, there must be another statute where the government consents to be called into court on that liability. We cite some cases in our brief to that point. A couple of them are United States v. Mitchell, where the court made it clear that there are these two parts that must be present for the government to be liable on a monetary claim. And this court really dug into that issue in the ASCDAC v. Panama Canal Commission case. So I wanted to point that out. In addition, a couple points on... Can I ask you just a fact question? Sure, Your Honor. Well, maybe it's an application of law in effect, but the stakes, it seems to me, are very high in this case for the plaintiffs. Is it correct that the statute of limitations has elapsed for the federal court of claims to actually hear this matter? Yes, Your Honor, that's correct. So although that doesn't answer the question, but I'm just framing the backdrop. No, that's correct, Your Honor. So in this appeal, the Pereskis don't challenge the court of federal claims' analysis under Section 2501. That's the statute of limitations Your Honor is referring to. They simply haven't raised that issue here, and they didn't attempt to appeal that to the federal circuit either. So at this point, that's water under the bridge. They've waived any issues regarding the court of federal claims' analysis in Section 2501. But it is the case that the six years expired before they filed their suit, it's also the case that the six-year statute of limitations in Section 2501 is jurisdictional, and it's not subject to any equitable exceptions. The Supreme Court made that clear in the John R. Sand case in 2008, and notably confirmed that in its Kwai Foon Wong opinion in 2015. So, you know, despite mistakes that the IRS employee made in a letter to the Pereskis regarding the date to file their suit, 2501 is a jurisdictional bar and not subject to equitable exceptions. The same is true with respect to the timeliness of their administrative claims under Section 6511. That is an issue that's not properly on appeal. The district court did not reach that issue, although the magistrate judge addressed it in her report and recommendation. No court has ruled on that. So these timeliness issues of either their complaint to the court of federal claims, or their administrative claims to the IRS simply aren't an issue with respect to the narrow issue that's before the court on appeal. One last point about Section 6511 is even if it was properly before the court, like the statute of limitations under Section 2501, that is a jurisdictional bar under the Supreme Court's opinion in Brockamp and not subject to any equitable exceptions. Does the court have any further questions for me? If not, thank you very much. We would ask you to confirm. Thank you. Thank you, Ms. Springer. Ms. Mayne, you have five minutes remaining. Thank you. Thank you very much. And Judge Marcus, to your point about any and that word meaning all, as this court has recently held in Bues v. Caniff, it does mean all. So in this case, we have to look at what all means. The court, this court in Begner v. the U.S., which is a 2005 case, in Begner, the court applied the all process. And in Begner was an issue that had the taxpayers had entered into an agreement with the government. Oh, I see an offering compromise. And they had an agreement as to what they were going to pay. Then there was an alleged breach of that agreement. And then the government said, we calculate it this way, you calculate it that way. There is a disagreement. So the 11th Circuit, this court said, we do have jurisdiction under 1346. Because it while it's a contract action, pure contract action, it arose under the tax laws. And so therefore, we have jurisdiction of that. The same, the same example is in U.S. v. Williams, the United States Supreme Court case in 1995. That case dealt with a wrongful levy, a non taxpayer paid off a levy on a house to be able to clear title. And in that case, again, we didn't have an issue about that taxpayer. It was paying something or not paying something. It was an issue about a levy that the taxpayer said was wrongfully applied. So in that case, the jurisdiction was appropriate under 1346. So it is not the case that it is purely for a recovery of a refund. And let me point out to this court, the reality of what happens in here. Proudfoot, which seems to be what Pfizer and Bank of America relied on says there is a difference between interest for underpayment and interest for overpayment. There is no doubt that there is a difference. They are treated differently. The tax code says we're going to collect interest on an over underpayment the same way we collect tax. It doesn't say they're the same thing. It says for purposes of collection, we're going to go ahead and treat it the same. Well, the court that the exact thing for the interest on overpayments, for example, in Section 26 U.S.C. 6402, that section says we're going to go ahead and allow the government to take any kind of overpayment plus its interest and apply it to underpayment plus its interest. So 6402, that treats it, treats the interest in that case the same as it on overpayments, as it does the overpayment. Now, in this case, this is a situation where the taxpayer has to submit amended tax returns and says, I have an overpayment. It has to then go. It went through the whole administrative process until the government said when you and when you say the administrative process and you're talking about they have to file a a form in order to then ask for either a credit or a refund. Right. Yes, Your Honor. But in this case, what happened is the U.S. government said, well, we're going to take a look. We see that you have overpayments, so we're going to go back and look at those five years to see if you've got underpayments. And that took until 2013 for them to decide that. And so there was that was that technically the audit or was it considered an audit? It was considered an audit, but it was it was an issue that had to but but they couldn't know what the interest was on the overpayment until they went through that process and they added the pluses and the minuses. And so it just divorced the two is like to take the leaves off of the tree. They go together, part and parcel, and they should be treated that way. And jurisdiction should be appropriate. And I see that my time's up to have any other questions. Thank you very much. Thank you. Thank you both. We appreciate your argument and we'll take the matter under advisement. Very interesting case. Thank you.